**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

**SHERMAN & HOWARD L.L.C.**
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940

Attorneys for Defendants Silgan Containers
Manufacturing Corporation and Bryce Bedford

| | |
|---|---|
| HENRY SMITH,<br><br>            Plaintiff,<br><br>v.<br><br>SILGAN CONTAINERS MANUFACTURING CORPORATION, BRYCE BEDFORD,<br>JOHN DOES 1-20 (said names being fictitious) and ABC CORPORATIONS 1-10 (said corporations being fictitious),<br><br>           Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br>Civil Action<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |

      **PLEASE TAKE NOTICE** that Defendants, Silgan Containers Manufacturing Corporation ("Silgan" or the "Company") and Bryce Bedford (collectively, "Defendants"), by and through their counsel, Cole Schotz P.C. and Sherman & Howard L.L.C., hereby file this notice to remove an action pending against them in the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey, to the United States District Court for the District of

New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of this removal, Defendants state as follows:

1. On September 22, 2015, Plaintiff Henry Smith ("Plaintiff") commenced this civil action against Defendants in the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey, under Docket No. MID-L-5679-15. The action remains pending in that court.

2. Defendants received a copy of the Summons and Complaint in the state court action on October 5, 2015. A copy of the Summons and Complaint is attached as ***Exhibit A***. Defendants have been served with no other pleadings or papers in the state court action and have not yet pleaded or answered in the state court action.

3. The underlying state court action is a civil action that purports to contain seven counts generally concerning Plaintiff's medical leave and subsequent termination of employment.

4. Silgan employed Plaintiff as a Machinist/Millwright. Silgan and United Steel Workers, Local 6129 (the "Union"), maintain a Collective Bargaining Agreement ("CBA"), effective February 25, 2012, through February 24, 2018, which controlled the terms and conditions of Plaintiff's employment. The CBA is attached as ***Exhibit B***.

5. Article 2 § 3 of the CBA prohibits discrimination against any employee on account of race, creed, color, sex, national origin, age, disability, or union membership or activity.

6. Article 15 § 1 of the CBA provides that "[e]very dispute of any kind or character which may arise between the Company and the Union or the employees shall" be handled in accordance with the CBA's grievance and arbitration process.

7. Article 16 § 9 of the CBA, known as the Justice and Dignity Clause, provides that an employee whom the Company suspends or terminates shall be retained at, or returned to, active work until any dispute contesting such discipline is resolved through the grievance and arbitration process.

8. On April 8, 2013, Plaintiff provided the Company an application for leave under the Family and Medical Leave Act for a medical procedure, which would render him unable to stand and unable to perform his job from April 17 through May 11, 2013. Silgan approved Plaintiff's leave request based on his and his doctor's representations about Plaintiff's health condition.

9. After rumors circulated that Plaintiff was *not* unable to work, the Company retained a qualified licensed private investigator, who videotaped Plaintiff's activities in early May 2013. The videos showed Plaintiff behaving like a normally able person and demonstrated conclusively that Plaintiff had made material misrepresentations.

10. On May 20, 2013, Plant Manager Bryce Bedford informed Plaintiff that Silgan was terminating Plaintiff's employment for repeatedly giving false information to Silgan regarding Plaintiff's underlying medical condition.

11. On May 21, 2013, the Union filed a grievance on behalf of Plaintiff, alleging that Silgan had terminated Plaintiff's employment without just cause. The Union requested, and Silgan approved, the application of the Justice and Dignity Clause of the CBA. Accordingly, Plaintiff continued working until his dispute was resolved through the grievance and arbitration process.

12. Plaintiff's grievance was arbitrated on January 8, 2014, before Arbitrator Michael D. Gordon. On March 26, 2014, Arbitrator Gordon decided that Silgan had terminated

Plaintiff's employment with just cause and denied the grievance, in part, because "[w]ithout doubt, [Plaintiff's] statements to the Company were purposeful, material misstatements meant to deceive and mislead," and there was no evidence that the Company had acted with a discriminatory or other impermissible motive. Arbitrator Gordon's decision is attached as **Exhibit C**. Pursuant to Arbitrator Gordon's decision and the Justice and Dignity Clause, Silgan effectuated its decision to terminate Plaintiff's employment.

13. The allegations contained in Plaintiff's Complaint are inextricably intertwined with the CBA and require an interpretation of the terms of the CBA. In fact, they have already been fully and fairly arbitrated, pursuant to the CBA. Therefore, the state law claims contained in Plaintiff's Complaint arise under and are completely pre-empted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Accordingly, this case is properly removable to federal court under 28 U.S.C. § 1441(a).

14. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court in the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). The Supreme Court has held that the "pre-emptive force of [Section 301] is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987), *quoting Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Thus, state law claims that are pre-empted by Section 301 are properly removable to federal court under § 1441(a). *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 7 (2003).

15. Section 301 of the LMRA preempts all state law claims that depend on the interpretation of a collective bargaining agreement, or if the claims are "inextricably intertwined

with considerations of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). See also *Bull v. United Parcel Serv., Inc.*, 2014 WL 2965696, at *13 (D.N.J. July 1, 2014) (Section 301 preemption applies when "resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement.") (internal citation omitted); *LaResca v. AT&T*, 161 F. Supp. 2d 323, 331-33 (D.N.J. 2001) (Section 301 preemption applies when plaintiff's discrimination claims turn on issues governed by a labor contract because such issues usually require analyzing the rights and details imbedded in the agreement). Because the question of whether Silgan improperly terminated Plaintiff necessarily requires interpretation of the governing CBA, and because these claims were previously arbitrated pursuant to the CBA, Plaintiff's claims are completely pre-empted by Section 301 of the LMRA.

16. Thus, Plaintiff's Complaint falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 because it invokes federal question jurisdiction, and is removable under 28 U.S.C. § 1441(a). This Court also has supplemental jurisdiction over all of the other claims in this litigation because such claims are so related that they form part of the same case or controversy under 28 U.S.C. § 1367.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of New Jersey is the District Court of the United States for the district embracing Middlesex County, New Jersey. See 28 U.S.C. § 110.

18. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is being filed within thirty (30) days of Defendants' receipt of the Summons and the Complaint in this matter.

19. Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff's counsel and will file a copy of the Notice of Removal with the Clerk of the Superior

Court of New Jersey, Law Division, Middlesex County, New Jersey, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Silgan Containers Manufacturing Corporation and Bryce Bedford remove this action from the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey, to the United States District Court for the District of New Jersey.

Respectfully submitted this 3rd day of November 2015.

          COLE SCHOTZ P.C.

          */s/ Randi W. Kochman*
          Randi W. Kochman
          25 Main Street
          P.O. Box 800
          Hackensack, New Jersey 07602
          Telephone: (201) 489-3000
          Facsimile: (201) 489-1536
          rkochman@coleschotz.com

          SHERMAN & HOWARD L.L.C.

          Patrick R. Scully
          Sherman & Howard L.L.C.
          633 Seventeenth Street, Suite 3000
          Denver, Colorado  80202
          Telephone:  (303) 297-2900
          Facsimile:  (303) 298-0940
          pscully@shermanhoward.com

          Attorneys for Defendants Silgan Containers
          Manufacturing Corporation and Bryce Bedford

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system.  Counsel for Plaintiff was served with the aforementioned documents via E-mail and Federal Express at:

Steven D. Cahn, Esq.
CAHN & PARRA, L.L.C.
1015 New Durham Road
Edison, NJ 08817
SCahn@Cahnparra.com
(732) 650-0444

COLE SCHOTZ P.C.

*/s/ Randi W. Kochman*
Randi W. Kochman
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
rkochman@coleschotz.com