**CLOSING**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| CHAMBERS OF | MARTIN LUTHER KING |
|---|---|
| MADELINE COX ARLEO | COURTHOUSE |
| UNITED STATES DISTRICT | 50 WALNUT ST. ROOM 2060 |
| JUDGE | NEWARK, NJ 07101 |
| | 973-297-4903 |

June 15, 2016

<u>VIA ECF</u>
Counsel for All Parties

<u>**LETTER ORDER**</u>

      **Re:**    <u>**Henry Smith v. Silgan Containers Manufacturing Corp, et al.,**
**Civil Action No. 15-7871**</u>

Dear Counsel,

      This matter comes before the Court by way of Plaintiff Henry Smith's ("Plaintiff") motion to remand this case to state court. Dkt. No. 8. Defendants Silgan Containers Manufacturing Corporation ("Silgan") and Bryce Bedford ("Bedford") (collectively, "Defendants") opposed the motion. Dkt. No. 15. The Court referred the motion to the Honorable Leda D. Wettre, United States Magistrate Judge. On May 3, 2016, Judge Wettre issued a Report and Recommendation ("R&R") recommending that this Court grant Plaintiff's motion to remand. Report and Recommendation, Dkt. No. 21. Defendants filed a timely objection to the R&R on May 14, 2016. Dkt. No. 22. For the reasons set forth herein, Judge Wettre's R&R is **ADOPTED** and this case is remanded back to state court.

      **A. Background and Procedural History**

      This lawsuit arises out of Plaintiff's employment with Silgan in 2006 as a machinist and millwright. Compl. ¶ 1, Dkt. No. 1-1. Plaintiff allegedly sustained a serious, work-related injury at the Silgan plant in Edison, New Jersey during his employment. Id. ¶ 5. Plaintiff consequently filed for worker's compensation benefits, and advised Bedford, Silgan's plant manager, that he was unable to perform his physical job functions and thus needed medical treatment and medical leave from work. Id. ¶ 6. Plaintiff alleges that Defendants subsequently harassed and discriminated against him based on his disability, requests for accommodation, and application for worker's compensation benefits, which culminated in his ultimate termination from Silgan on or about April 1, 2014. Id. ¶ 8. Based on these allegations, in September 2015, Plaintiff filed a seven-count Complaint in the Superior Court of New Jersey, Middlesex County, Law Division.

Compl., Dkt. No 1-1. All of Plaintiff's claims are brought under the New Jersey Law Against Discrimination ("NJLAD") or the New Jersey Worker's Compensation Statute ("NJWCS").[1]

On November 3, 2015, Defendants filed a Notice of Removal basing subject matter jurisdiction upon a federal question, pursuant to 28 U.S.C. § 1331. Notice of Removal ("NOR"), Dkt. No. 1. Although no federal claims were pled, Defendants assert that Plaintiff's claims are completely preempted by section 301 of the Labor Management Relations Act ("LMRA"), which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Defendants contend that the allegations in Plaintiff's Complaint are inextricably intertwined with the parties' Collective Bargaining Agreement ("CBA"), and that the interpretation of the CBA will be necessary to adjudicate Plaintiff's claims. NOR ¶¶ 13, 15.

Prior to Plaintiff's initiation of this suit, on May 21, 2013, the day after Silgan advised Plaintiff of its decision to terminate his employment, Plaintiff and his union commenced a grievance procedure against Silgan contending that his termination was without the "just cause" required by the CBA. NOR ¶ 11. Although Plaintiff had been terminated by Silgan, he continued working at the Silgan plant pending the outcome of his grievance under the CBA's Justice and Dignity clause,[2] which the union had invoked on his behalf. Id. The grievance was arbitrated on January 8, 2014 before Arbitrator Michael D. Gordon. Id. ¶ 12. The sole stipulated issue for the arbitrator's determination was whether "[g]rievant [was] discharged for just cause" as set forth in Article 4 of the CBA. Arbitration Award at 3, Dkt. No. 1-3. On March 26, 2014, the Arbitrator issued an eighteen-page written decision, finding that "Grievant was discharged for just cause." Id. at 18.

---

[1] Count 1 alleges that Plaintiff was harassed, discriminated against, denied reasonable accommodation and terminated in violation of NJLAD as a result of his disability. Count 2 asserts that Defendants retaliated against Plaintiff for seeking worker's compensation benefits, in violation of the NJWCS, N.J. Stat. Ann. § 34:5-39.1. Count 3 alleges that Bedford and other employees are liable for aiding and abetting Silgan's violation of NJLAD. Count 4 asserts that Defendants retaliated against Plaintiff in violation of NJLAD for requesting reasonable accommodation of his disability. Count 5 alleges that Defendants unlawfully initiated an investigation of Plaintiff, and unlawfully imposed discipline and/or attempted to terminate his employment, in retaliation for his seeking worker's compensation benefits and because of his disability, in violation of NJWCS and NJLAD. Count 6 asserts that Silgan's failure to hire or rehire Plaintiff was in violation of NJLAD and NJWCS. Finally, Count 7 alleges NJLAD violations against the fictitious John Doe and ABC Corporation defendants.

[2] The Justice and Dignity clause provides that "[a]n employee whom the Company suspends or discharges or whom it contends has lost his/her seniority under Article 12, Section 5 of the Master Agreement or Article 11 of the applicable Local Supplemental Agreement shall be retained at or returned to active work until any grievance contesting such suspension, discharge or break in service question is finally resolved through the grievance and arbitration procedure." CBA, art. 16 § 9, Dkt. No. 1-2.

On December 8, 2014, Plaintiff filed a motion to remand contending that this action presents exclusively state law causes of action between parties who do not satisfy the diversity of citizenship requirements of 28 U.S.C. § 1332. Dkt. No. 4. Plaintiff argues that adjudication of his NJLAD and NJWCS claims do not require interpretation of the CBA or present any other federal question. Defendants opposed the motion, arguing that Plaintiff's state law claims under NJLAD and NJWCS are preempted by section 301 of LMRA, because their adjudication necessarily requires interpretation of the CBA, the arbitration proceedings, or the Arbitrator's analysis of the parties' rights under the CBA. Dkt. No. 15.

On May 3, 2016, Judge Wettre issued an R&R recommending that the Court grant Plaintiff's Motion to Remand. Judge Wettre found that Plaintiff's rights under state law may be adjudicated without considering the Arbitrator's decision or any term of the CBA, except by way of considering defenses presented by Defendants. She found that that the action is not preempted by section 301 of the LMRA under well-settled, binding precedent, and should be remanded to state court for lack of subject matter jurisdiction. R&R, Dkt. No. 21.

On May 14, 2016, Defendants filed a timely objection to Judge Wettre's Report and Recommendation arguing that (1) the Report disregards Plaintiff's improper "artful pleading" to evade federal jurisdiction; (2) the Report ignores relevant facts; (3) adjudicating this case would necessarily overturn the arbitrator's decision; and (4) the Complaint is inextricably intertwined with the rights set forth in the CBA. Dkt. No. 22.

### B. Standard of Review

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to remand, a magistrate judge will submit an R&R to the district court. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72; L. CIV. R. 72.1(c)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. CIV. R. 72.1(c)(2). On dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); L. CIV. R. 72.1(c)(2). An R&R does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

### C. Analysis

Having carefully considered Judge Wettre's recommendations, as well as Defendants' objections thereto, the Court agrees with Judge Wettre that Plaintiff's claims are not preempted by section 301 of the LMRA, and that this case should be remanded to state court for lack of subject matter jurisdiction.

Judge Wettre addressed each of Defendants' objections here in her R&R. She explained that:

> [t]he majority of defendants' arguments confuse the 'parallelism' of plaintiff's state law claims and the arbitrated 'just cause' determination under the CBA with the 'inextricably intertwined' standard under which the Court determines LMRA preemption. But it is well recognized that labor arbitrations under a CBA and state law discrimination claims in a court often involve an identical set of facts, which must be analyzed under different legal standards. While the former requires an arbitrator to apply the contractual provisions of a CBA in rendering a decision, the latter often requires no interpretation of a CBA. It is only if the CBA must substantially be construed to adjudicate plaintiffs state law claims that the claims are considered 'inextricably intertwined' with a labor contract and hence preempted by the LMRA.

R&R at 8. Judge Wettre explained that "[a]s the 'master of the complaint,' plaintiff deliberately may avoid federal jurisdiction by exclusive reliance on state law." Id. at 10 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 398-99 (1987)). She found that "Plaintiff has chosen in this action to allege only violations of state law rights, and such claims are both beyond the scope of the arbitrator's authority and independent of whether defendants' had 'just cause' to terminate Plaintiff under the CBA." Id. The Court agrees.

The "artful pleading" doctrine "stands for the premise that a plaintiff cannot avoid federal jurisdiction by 'artfully pleading' his federal claim as a state law claim." Scott v. Sysco Food Serv. of Metro N.Y., L.L.C., No. 07-3656, 2007 U.S. Dist. LEXIS 79519, at *12 (D.N.J. Oct. 26, 2007) (quoting United Jersey Banks v. Parell, 783 F.2d 360, 367 (3d Cir. 1986) cert. denied, 476 U.S. 1170 (1986)). "At a minimum, the 'artful pleading' doctrine requires that the 'real' cause of action is federal law. Id. at *15 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)).

The Court agrees with Judge Wettre that Plaintiff did not engage in "artful pleading" to evade federal jurisdiction. Here, the "real" causes of action in Plaintiff's Complaint are for discrimination and retaliation under New Jersey law, which, as Judge Wettre correctly explained, do not require interpretation of the CBA or the Arbitrator's decision.[3] See Report and

---

[3] Plaintiff's claims for violation of NJLAD and NJWCS will require the Court to look to state law standards to resolve the claims. It will require the Court to examine Plaintiff's conduct and Defendants' motivations for terminating him. To establish his NJLAD disability discrimination claim, Plaintiff will essentially have to prove that he was terminated because of his disability or perceived disability, despite meeting his employer's legitimate performance expectations. See Bell v. KA Indus. Servs., LLC, 567 F. Supp. 2d 701, 706 (D.N.J. 2008); Jansen v. Food Circus Supermarkets, Inc., 110 N.J. 363, 382 (1988). To establish his NJWCS claims, Plaintiff must prove he attempted to file for workers' compensation benefits and was retaliated against. See Morris v. Siemens Components, Inc., 928 F. Supp. 486, 493 (D.N.J. 1996). During the arbitration, the arbitrator only determined whether Plaintiff had been terminated with "just cause," which required the company to prove "(1) misconduct occurred and, under all relevant

Recommendation at 8-9; see also Carrington v. RCA Global Commc'ns, Inc., 762 F. Supp. 632, 640 (D.N.J. 1991) (holding Plaintiff's discrimination claims were not preempted by the parallelism of facts that would be analyzed under the NJLAD and also had been analyzed under "just cause" standard of a CBA). The Supreme Court explained that "[e]ven if dispute resolution pursuant to a collective bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." Lingle v. Norge Div. of Magic Chef Inc., 486 U.S. 399, 409-10 (1988). Such parallelism does not "render[] the state-law analysis dependent upon the contractual analysis." Id. at 408. Plaintiff's state law claims here are independent of the CBA, and are therefore not preempted by the LMRA.

Next, Defendants contend that the R&R ignores relevant background facts that are critical to the dispute. Specifically, Defendants claim the Report "omits any mention of the fact that Silgan approved the union's request to apply the Justice and Dignity clause," which was apparently "an attempt by Magistrate Judge Wettre to avoid an interpretation of the labor contract governing the terms and conditions of Plaintiff's employment." Dkt. No. 22 at 9. The R&R does address these facts. See R&R at 3-4, 12; id. at 13 (explaining that "[t]he invocation of the Justice and Dignity clause simply stayed the effect of the termination decision that Silgan had made until after the arbitrator could decide whether or not to reverse that decision"). More importantly, these facts do not alter the Court's finding here that Plaintiff's claims are not preempted by the LMRA.

In addition, adjudication of Plaintiff's claims do not require interpretation of the CBA or the Arbitrator's decision. Judge Wettre explained that "Plaintiff's claims that Silgan violated LAD's prohibition of disability discrimination and engaged in worker's compensation retaliation will turn on the state law standards for resolving those claims, which will examine factually the conduct of plaintiff and the motivation of defendants in making the termination decision." R&R at 8-9. Thus, allowing these state law claims to go forward will not result is "overturning the arbitrator's award." Judge Wettre conclusion here is correct.

This case falls squarely in line with cases in this District that have repeatedly held that "[s]tate discrimination laws are generally not preempted by federal labor law." LaResca v. Am. Tel. & Tel., 161 F. Supp. 2d 323, 330 (D.N.J. 2001); Carrington, 762 F. Supp. at 641-42; Bull v. United Parcel Service, Inc., No. 07-2291, 2014 WL 2965696, at *14 (D.N.J. July 1, 2014). Thus, because Plaintiff's claims are not preempted by the LMRA, this Court lacks subject matter jurisdiction over this action.

---

circumstances, (2) the discipline imposed is proportionate to the offense." Arbitration Award at 12. Thus, the Arbitrator's determination was based on a legal analysis entirely distinct from that required for Plaintiff to prove his state law causes of action. In this matter, the Court will not review whether Plaintiff was terminated for "just cause" in accordance with the CBA; rather, the focus will be on the standards set forth in NJLAD and NJWCS.

### D. Conclusion

Having thoroughly reviewed Judge Wettre's Report and Recommendation and Defendants' objection thereto, this Court hereby **ADOPTS** the Report and Recommendation and **GRANTS** Plaintiff's Motion to Remand. Dkt. Nos. 8, 21. This matter is hereby **REMANDED** to New Jersey Superior Court. The Clerk is directed to **CLOSE** this case.

**SO ORDERED**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**